**FIDELITY STATE BANK OF GARDEN CITY, KANSAS, as Conservator of the Estates of Darin J. Martin and Brett A. Martin; and Michele I. Martin, personally and as Administrator of the Estate of Eric Martin, deceased, Plaintiffs,**

v.

**MCNEILUS TRUCK AND MANUFAC- TURING, INC., a Minnesota corporation, Defendant.**

**No. 96–1253–JTM.**

United States District Court, D. Kansas.

June 29, 1998.

See also, 1997 WL 807874.

Geary N. Gorup, Albert L. Kamas, Johnie C. Frank, Render Kamas, L.C., Wichita, KS, for Fidelity State Bank, Garden City, Kansas.

Mikel L. Stout, Trisha A. Thelen, Foulston & Siefkin L.L.P., Wichita, KS, Eldon L. Boisseau, David W. Steed, Turner & Boisseau, Chartered, Wichita, KS, William H. Ise, McNeilus Truck and Manufacturing, Inc., Dodge Center, MN, Gerald S. Duffy, William Christopher Penwell, Siegel, Brill, Greupner & Duffy, P.A., Minneapolis, MN, for McNeilus Truck & Manufacturing, Inc.

Donald W. Bostwick, Adams, Jones, Robinson & Malone, Wichita, KS, for Kershaw Ready–Mix Concrete and Sand Co., Inc.

Todd N. Thompson, Lawrence, KS, for Farm Bureau Mut. Ins. Co., Inc.

Jordan E. Clay, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for American Family Mut. Ins. Co.

*MEMORANDUM ORDER*

MARTEN, District Judge.

The parties have settled the underlying claims in this litigation and the only remaining issue is the extent of American Family Mutual Insurance Company's lien on the plaintiffs' recovery.

On April 2, 1998, American Family filed a motion to intervene in this case. The court granted the motion at an April 3, 1998 hearing. American Family had paid $20,000 in death benefits and $12,800 in personal injury protection (PIP) benefits as a result of the wrongful death of Eric Martin. Plaintiffs' counsel had agreed to protect American Family's subrogation interests. Plaintiffs' counsel then informed American Family it was only entitled to subrogation for the $12,800 in PIP benefits. American Family argues it is entitled to subrogation for the entire amount.

American Family argues its right to subrogation is equitable. American Family cites *Ins. Co. of North America v. Medical Protective Co.*, 768 F.2d 315 (1985), which involved an excess insurer's right to recover from a primary insurer who failed to engage in good faith efforts to settle the underlying case within its policy limits. Significantly, the excess insurer was required to pay the plaintiff's damages in the underlying action before proceeding against the primary insurer for indemnification. American Family cites no case law for the proposition that an insurance company has a non-statutory right to a lien against an insured's recovery in a tort action.

In Kansas, an automobile insurance company's right to subrogation for PIP benefits is governed by statute, the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40–3101 *et seq. See e.g. Safeco Ins. Co. v. Allen*, 262 Kan. 811, 941 P.2d 1365 (1997) (medical benefits paid pursuant to policy terms governed by Missouri law were not subject to subrogation under KAIRA because benefits were not paid pursuant to a policy provision or modification required by the KAIRA); *Farm & City Ins. Co. v. American Standard Ins. Co.*, 220 Kan. 325, 552 P.2d 1363 (1976) (interpreting prior version of KAIRA and holding that survivor's benefits were not subject to subrogation).[1] *See also* K.S.A. 40–3113a. Whether an insurance company may recover PIP benefits in subrogation depends on whether the benefits are duplicative of a settlement and on the express terms of the settlement release. *State Farm Mutual Automobile Insurance Company v. Kroeker*, 234 Kan. 636, 676 P.2d 66 (1984).

Plaintiffs argue the $20,000 death benefit paid by American Family is not a PIP benefit, and thus is not subject to subrogation under the statute and that the insurance contract contains no provision for subrogation of the death benefit. *See Safeco*, 262 Kan. at 823, 941 P.2d 1365 (insured bargained for medical benefits of up to $2,000 without subrogation under Missouri law and received what he bargained for). The court agrees. American Family makes no argument that the death benefit is covered by the KAIRA or another statute authorizing liens against a tort plaintiff's recovery. Statutory authorization may exist, but the court has no obligation to search on American Family's behalf. Further, American Family does not argue that the insurance contract provides for subrogation of death benefits.

The KAIRA provides for subrogation and a lien when a settlement duplicates PIP benefits. K.S.A. 40–3113a(b). The KAIRA includes the following definitions:

(b) "Disability benefits" means allowances for loss of monthly earnings due to an injured person's inability to engage in available and appropriate gainful activity, subject to the following conditions and limitations: (1) The injury sustained is the proximate cause of the injured person's inability to engage in available and appropriate gainful activity; (2) subject to the maximum benefits stated herein, allowances shall equal 100% of any such loss per individual, unless such allowances are deemed not includable in gross income for federal income tax purposes, in which event such allowances shall be limited to 85%; and (3) allowances shall be made up to a maximum of not less than $900 per month for not to exceed one year after the date the injured person becomes unable to engage in available and appropriate gainful activity.

(d) "Funeral benefits" means allowances for funeral, burial or cremation expenses in

---

1. The legislature subsequently amended the statute to provide that survivor's benefits were subject to subrogation and the carrier was entitled to a lien against any judgment or settlement proceeds.

an amount not to exceed $2,000 per individual.

(k) "Medical benefits" means and includes allowances for all reasonable expenses, up to a limit of not less than $4,500, for necessary health care rendered by practitioners licensed by the board of healing arts or licensed psychologists, surgical, x-ray and dental services, including prosthetic devices and necessary ambulance, hospital and nursing services; and such term also includes allowances for services recognized and permitted under the laws of this state for an injured person who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

(q) "Personal injury protection benefits" means the disability benefits, funeral benefits, medical benefits, rehabilitation benefits, substitution benefits and survivors' benefits required to be provided in motor vehicle liability insurance policies pursuant to this act.

(r) "Rehabilitation benefits" means allowances for all reasonable expenses, up to a limit of not less than $4,500, for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the injured person to obtain suitable employment.

(w) "Substitution benefits" means allowances for appropriate and reasonable expenses incurred in obtaining other ordinary and necessary services in lieu of those that, but for the injury, the injured person would have performed for the benefit of such person or such person's family, subject to a maximum of $25 per day for not longer than 365 days after the date such expenses are incurred.

(y) "Survivors' benefits" means total allowances to all survivors for: (1) Loss of an injured person's monthly earnings after such person's death, up to a maximum of not less than $900 per month; and (2) substitution benefits following the injured person's death. Expenses of the survivors which have been avoided by reason of the injured person's death shall be subtracted from the allowances to which survivors would otherwise be entitled, and survivors' benefits shall not be paid for more than

one year after the injured person's death, less the number of months the injured person received disability benefits prior to such person's death. For purposes of this subsection, monthly earnings shall include, in the case of a person who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such injured person's death, 1/12 of the annual amount of the difference between the annual amount of the social security benefits or the retirement benefits, or both, that such injured person was receiving at the time of such injured person's death and the annual amount of the social security benefits or the retirement benefits, or both, that the survivor is receiving after the time of such injured person's death.

K.S.A.1997 Supp. 40–3103.

Plaintiffs do not dispute that American Family is entitled to a lien for the funeral benefits ($2,000) and disability and survivors benefits ($10,800) paid under policy provisions required by the KAIRA. American Family does not argue that the $20,000 death benefit it paid under another policy provision is a benefit required under the KAIRA. Accordingly, the death benefit American Family paid is not covered by the KAIRA and American Family has failed to establish it is otherwise entitled to a lien or to subrogation on the plaintiffs' settlement proceeds based on the $20,000 death benefit.

American Family also asks for statutory interest from the date the state court judgment was filed in a related case. American Family cites no authority for the court to issue such an order. The court declines to do so.

American Family may have claims against plaintiffs' counsel for breach of contract and conversion regarding the $20,000 death benefit and the failure to protect American Family's subrogation rights in the earlier settlement. *See Safeco*, 262 Kan. at 813, 941 P.2d 1365 (background discussion of district court's holding that attorney was liable to carrier under breach of contract and conversion theories for failure to protect insurer's subrogation rights on statutory PIP benefits paid to the insured; issue was not presented

on appeal). Such claims would not entitle American Family to a lien or to subrogation against the plaintiffs' recovery for non-PIP benefits in this action. Likely defenses by plaintiffs' counsel would be (1) mutual mistake in initially assuming the $20,000 death benefit was subject to subrogation as a PIP benefit, and (2) recovery in the first settlement was not duplicative of the PIP benefits. All of this is ancillary to the main case and likely to require a trial. The court declines to exercise jurisdiction over these claims. Accordingly, to the extent American Family's motion to intervene is interpreted as raising such claims, they are dismissed without prejudice. American Family is free to bring a separate action against plaintiffs' counsel if it so desires, as was done in *Safeco*.

IT IS ACCORDINGLY ORDERED this 29th day of June 1998, that American Family Mutual Insurance Company's lien and its right to subrogation of the Plaintiffs' settlement proceeds in this case are fixed at $12,800.00. Pursuant to the contract between the American Family and plaintiffs' counsel, attorney fees are fixed in the amount of $4,266.67. IT IS FURTHER ORDERED that any claims by American Family against plaintiffs' counsel are dismissed without prejudice.